IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASUS HUNTSBERRY, | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1752 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Jasus Huntsberry, seeks habeas corpus relief under 28 U.S.C. § 2254. Because this is a successive petition, it is dismissed. The reasons are explained below.

### I. Background

Huntsberry challenges a conviction for theft by receiving in the 174th Judicial District Court of Harris County, Texas. (Cause Number 632879). On February 24, 1997, Huntsberry filed a federal petition for a writ of habeas corpus, Civil Action Number H-97-3165, collaterally attacking his conviction. On March 22, 1999, the federal court denied Huntsberry's petition on the merits. On January 5, 2000, the United States Court of Appeals for the Fifth Circuit refused a certificate of appealability. Huntsberry filed a second federal successive petition, Civil Action Number H-01-4498. The federal court dismissed that petition.

Huntsberry filed the present case on May 16, 2005. He challenges the same conviction, for theft by receiving, on the following grounds: (1) he was denied due process because counsel failed to request a competency hearing; (2) counsel rendered ineffective

assistance; (3) the property mentioned in the indictment did not have a price value of $750.00; and (4) the indictment mentioned property that was not at the crime scene. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8). These are the same arguments and claims raised in the first federal petition Huntsberry filed.

**II.  Discussion**

This court lacks jurisdiction to consider Huntsberry's petition because it is a "successive" application. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (1998). Huntsberry has not received permission from the Court of Appeals for the Fifth Circuit to file a successive application. This court lacks jurisdiction to consider Huntsberry's habeas claims.

**III.    Conclusion**

Huntsberry's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are

suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Huntsberry has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED on May 23, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge